NOT DESIGNATED FOR PUBLICATION

No. 118,274

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TANNER LINN WHEELER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed December 7, 2018. Reversed and remanded.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., STANDRIDGE, J., and WALKER, S.J.


PER CURIAM:  Tanner Linn Wheeler appeals raising only one issue:  Did the State fail to follow the plea agreement as it related to cases 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180? The answer is yes. The State failed to follow the negotiated plea agreement to advise the district court it agreed to recommend reinstatement of his probation in the five cases outlined above upon serving a 180-day sanction—dunk—in prison.

We reverse and remand.

1

Wheeler pled no contest to criminal possession of a firearm by a convicted felon in 17CR252. In exchange, the State made three agreements: (1) dismiss any remaining charges in the case; (2) recommend the district court sentence Wheeler to probation if his criminal history score was between C and I; and (3) recommend the district court reinstate Wheeler's probation in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180 after he served a 180-day prison sanction for violating probation.

At Wheeler's sentencing and probation violation hearing, the district court recognized the plea and noted "the State would dismiss the remaining counts in [17CR]252 and at sentencing would recommend probation if his criminal history score was between C and I. His criminal history score is a B." Thus, Wheeler faced presumptive prison, so defense counsel moved for a downward dispositional departure. Defense counsel argued Wheeler had three substantial and compelling reasons to depart: his young age, employment, and lack of arrests in the two months between his plea hearing and sentencing. The State noted "[t]he [district] [c]ourt accurately stated what the plea tender was and the State does—will not deviate from that." The State argued against departure. It noted Wheeler had a significant criminal history score despite his youth. The State also discounted his employment, telling the district court Wheeler's job did not help him report to probation. The State also told the district court Michelle Stephenson, Wheeler's community corrections officer, could speak to his drug use and failure to report. In its last reference to the plea, the State requested:

> "[T]he Court not grant the departure in 17[CR]252 case and order him to serve his underlying sentence on this particular case. The State did enter into plea agreements with defense counsel to have this matter proceed through the State rather than it being—go federal, so the State would ask for the Court to impose the aggravated sentence in this particular case.
>
> "In compliance with the plea tender, the State will defer to that agreement; however, Ms. Stephenson is here, she would like to address the Court, not

recommendations for the Court but just to give the Court the history of reporting and performance on probation."

Stephenson told the district court Wheeler met with her once, 10 months before the hearing. According to Stephenson, she transferred Wheeler to a detoxification unit because of his extreme intoxication. The next day Stephenson contacted the unit but Wheeler had left and did not return. Stephenson told the district court Wheeler completed a drug and alcohol assessment while in jail. His assessment recommended outpatient treatment because he refused to attend inpatient treatment. In response, Wheeler, while on probation for the five cases, told the district court he had never had a corrections officer and did not know he had to report.

Neither counsel made arguments about Wheeler's probation revocation before the district court revoked his probation. In 17CR252, the district court sentenced Wheeler to 19 months with the Department of Corrections, 12 months' postrelease supervision, run consecutive to Wheeler's other cases. The court recounted Wheeler's past convictions and his previous probation violation hearing. The district court explained, "So on the motion to revoke probation side I take that into consideration." As Wheeler pled to charges in 17CR252, the district court found he violated probation. The district court determined there were no substantial and compelling reasons to depart from presumptive prison in 17CR252. The court found it gave Wheeler "chance after chance, and based upon the behavior on probation, the lack of effort that this Court would need to see from someone in this situation, I'm finding that [Wheeler's] not amenable to probation."

ARGUMENT

Wheeler argues the State breached the plea agreement. He claims the State failed to recommend as agreed that the district court issue a 180-day prison sanction and reinstate his probation in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180.

3

Whether the State breached a plea agreement presents a question of law, so appellate review is de novo. *State v. Urista*, 296 Kan. 576, 582-83, 293 P.3d 738 (2013); see *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

A plea agreement is a contract between the State and the defendant, and both parties must perform the promises they exchanged. *Santobello v. New York*, 404 U.S. 257, 262, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971); *State v. Woodward*, 288 Kan. 297, 300, 202 P.3d 15 (2009). The parties to a plea agreement "must act fairly and in good faith in carrying out the promises they have made." *Urista*, 296 Kan. at 583. "If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process." 296 Kan. at 583. A due process violation occurs with any breach, even if the State's statements at sentencing do not influence the sentencing judge. 296 Kan. at 583.

Though courts must remain mindful of the constitutional implications of the plea bargaining process, plea agreements are generally subject to contract principles. 296 Kan. at 583. The State has an affirmative duty in the plea agreement to recommend the particular sentence it has agreed to. *Jones*, 302 Kan. at 120. This burden is not high, but the State must openly express its agreed-to recommendation or direct the district court to the applicable provisions. If it does not, the State has breached the plea agreement. 302 Kan. at 120.

This case is similar to *Jones*, 302 Kan. at 120. Jones agreed to plead guilty to aggravated robbery. If Jones had a criminal history score of G or lower, the State would join Jones' request for a downward dispositional departure and recommend the district court sentence her to probation supervised by community corrections. The full plea agreement was discussed at the plea hearing but not at sentencing. A different judge presided at sentencing. There, Jones moved for dispositional departure, in part, because she claimed the victims suffered only minor injuries. Jones' criminal history score was I, but the State made only a passing reference to the plea agreement. The State first told the

4

district court Jones was incorrect because photographic evidence showed she had injured the victims. Next, the prosecutor explained, "'I'm sort of bound by the plea agreement, Judge, when [Jones] is a G or lower, to follow the plea agreement that was negotiated in this case.'" 302 Kan. at 114. The district court denied Jones' dispositional departure motion.

On appeal, the Kansas Supreme Court found the State violated Jones' plea agreement. 302 Kan. at 118-20. First, the Kansas Supreme Court presumed the sentencing judge reviewed the entire plea agreement even though that judge did not preside over the plea hearing. Even so, the Kansas Supreme Court noted the issue was not whether the judge knew about the provisions in the plea agreement but whether the State met its contractual obligation in the plea agreement. 302 Kan. at 119-20. The Supreme Court held the State breached the plea agreement because it did not "openly express the State's agreed-to recommendation or direct the sentencing judge to the plea agreement's specific provisions that the State was bound to and ensure it was in the court's possession." 302 Kan. at 120.

Here, the State breached the plea agreement. It failed to recommend the district court reinstate Wheeler's probation in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180 after he served a 180-day—dunk—prison sanction. As in *Jones*, the State did not openly express its agreed-to recommendation to the district court or direct it to the plea agreement's specific provisions. The State agreed to recommend the district court issue a 180-day prison—dunk—sanction for Wheeler's probation violations and then reinstate his probation in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180. The district court referenced only the State's obligations for sentencing in 17CR252 in the plea agreement, not the State's obligations to recommend a prison sanction and probation reinstatement in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180. The district court noted:  "[U]pon the plea the State would dismiss the remaining counts in [17CR]252 and at sentencing would recommend probation if his criminal history score

5

was between C and I. His criminal history score is a B." Even presuming the district court knew what the State would recommend for the probation violation, the State had an obligation to express the recommendation. See *Jones*, 302 Kan. at 120. Instead, the State told the district court it "accurately stated what the plea tender was and the State does— will not deviate from that." It also told the district court: "In compliance with the plea tender, the State will defer to that agreement." But neither comment fulfills the State's contractual obligation to expressly recommend a 180-day prison sanction and probation reinstatement in 15CR663, 15CR1031, 15CR1123, 16CR17, and 16CR1180. The State violated the plea agreement. With the State's failure to follow the plea agreement, we must reverse the district court's probation revocation and remand this matter to the district court for a new probation revocation hearing in compliance with the plea agreement.

Reversed and remanded.